UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROSE STACY & JEFF STACY                                          PLAINTIFFS

v.                                                    Civil No. 1:18-cv-00224-GHD-RP

SAFEWAY INSURANCE COMPANY                                         DEFENDANT

## MEMORANDUM OPINION

This Court has before it a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, Doc. 3, filed by Defendant Safeway Insurance Company. Plaintiffs have filed no response, and the time for doing so has passed. Having considered the motion, the Court finds it should be granted.

### Background

The complaint alleges that Plaintiffs suffered injuries in an automobile accident with an uninsured motorist. Compl., Doc. 1 at 3. Plaintiffs now seek to obtain the benefits of their uninsured motorists' coverage under their insurance policy with Safeway. The complaint premises jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332. It asserts that Plaintiffs, are citizens of Mississippi, and Safeway is an Illinois corporation. It further asserts that the amount in controversy is in excess of $75,000, because the total policy limit for the occurrence is $150,000. *Id* at. 2–3.

Safeway, however, argues that the total policy limit for each plaintiff is only $75,000 exactly, and so neither Plaintiff can meet the amount in controversy requirement. Thus, it argues, this Court lacks subject matter jurisdiction over the matter.

### 12(b)(1) Motion to Dismiss Standard

A Rule 12(b)(1) motion allows a party to challenge the Court's subject matter jurisdiction. " '[A] factual attack under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist.' " *Arena v.*

1

*Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012) (quoting *Menchaca v. Chrysler Credit. Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted)).

The Fifth Circuit has instructed:

> A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. In considering a challenge to subject matter jurisdiction, the district court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. Thus, under Rule 12(b)(1), the district court can resolve disputed issues of fact to the extent necessary to determine jurisdiction[.]

*Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quotation marks and citation omitted). In ruling on a Rule 12(b)(1) motion to dismiss, the Court can consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) (internal quotation marks and citation omitted).

## Analysis

Federal jurisdiction under § 1332 exists when there is (1) diversity between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Where a plaintiff seeks compensation under an insurance policy and seeks damages in excess of the policy limits, "it is the policy limits, rather than the larger value of the claim, determine the amount in controversy." *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (citing *Payne v. State Farm Mut. Auto. Ins. Co.*, 266 F.3d 63, 65 (5th Cir. 1959). Here, Plaintiffs assert Safeway is liable "up to the policy limits" of the policy. Compl. Doc. 1 at 3. Thus, the Court treats the applicable policy limits as the amount in controversy.

Safeway asserts that the policy limits for each plaintiff are only $75,000 exactly, meaning neither Plaintiff can individually satisfy the amount in controversy requirement.

2

The attached insurance policy covers three automobiles. Policy, Doc. 3-2 at 1. It provides that the uninsured motorist bodily injury coverage for each person per automobile is $25,000. Plaintiffs assert in their complaint that the amounts must be stacked to determine the policy limits. Mississippi law permits insureds to aggregate or "stack" uninsured motorist coverage by combining "the limits of each vehicle covered under an insurance policy to pay for damages sustained in an accident." *Harrison v. Allstate Ins. Co.*, 662 So. 2d 1092, 1093 fn. 1 (Miss. 1995).

However, stacking the uninsured motorist bodily injury coverage here results only in a per person limit of $75,000. In their complaint, Plaintiffs agree that the per person limit is $75,000. *See* Compl., Doc. 1 at 5. Thus, the amount in controversy for each Plaintiff is exactly $75,000. This is an insufficient amount because it is not greater than $75,000. *See* 28 U.S.C. § 1332; *Wilson v. Hudson*, 404 F. App'x 934 (holding complaint for damages of exactly $75,000 did not meet amount in controversy requirement).

Plaintiffs can survive dismissal, then, only if their claims can be aggregated. *Allen v R& H Oil & Gas Co.*, 63 F.3d 1326, 1130 (5th Cir. 1995) ("The general rule is that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332."). Plaintiffs may aggregate their damages when they united "to enforce a single title or right in which they have a common and undivided interest." *Snyder v. Harris*, 394 U.S. 332, 335, 89 S. Ct. 1053, 22 L.Ed.2d 319 (1969). Although Plaintiffs seek coverage under the same policy, for injuries arising out of the same event, their interest in the policy are distinct from one another. *See De La Cerda v. Allstate Indem. Co.*, No. DR-07-CV-0076-AML-DGG, 2008 WL 11416946, at *3 (W.D. Tex. Sept. 30, 2008)(holding plaintiffs could not aggregate their damages in claim against their insurer for coverage under their uninsured motorist policy). Thus, they cannot aggregate their damages.

## Conclusion

Because neither Plaintiff individually satisfies the amount in controversy requirement, and because Plaintiffs cannot aggregate their damages to satisfy that requirement, this Court does not possess jurisdiction over their claims. Accordingly, Safeway's motion to dismiss without prejudice for lack of subject matter jurisdiction is granted.

An order in accordance with this opinion shall issue.

This the 8th day of February, 2019.

_____
SENIOR U.S. DISTRICT JUDGE